Joseph A. Gavagah, J.
Defendants move pursuant to rule 107 of the Buies of Civil Practice for dismissal of the complaint upon the ground that the plaintiff lacks capacity to sue in that the cause of action is vested in the trustee in bankruptcy. The action is in equity to annul a usurious transaction and to secure *532 the benefits of section 377 of the General Business Law. Plaintiff contends that the trustee in bankruptcy does not own the claim and is not the proper party in interest since only the borrower may attack the transaction without offer of payment of the amount of the loan with lawful interest. This statutory immunity in favor of the borrower only attaches to the cause of action if the borrower possesses it. However, by adjudication in bankruptcy the right of action is transferred to the trustee even though in any action by him to rescind the usurious transaction the offer of payment must be made. The capacity to sue is not to be tested by the statutory immunity but rather by the ownership of the basic right of action. The authorities relied on by plaintiff and in which complaints were dismissed for the failure of the trustee to allege an offer of payment are of no aid to him.